# IN THE COURT OF APPEALS OF IOWA

No. 22-0381
Filed May 11, 2022

**IN THE INTEREST OF V.C., B.C., and I.V. a/k/a I.G.,**
**Minor Children,**

**B.C., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Kossuth County, Ann M. Gales, District Associate Judge.

　　A mother appeals from the termination of her parental rights. **AFFIRMED.**

　　Nellie D. O'Mara of O'Mara Wilson Law, PLLC, Mason City, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Gregory Stoebe, Humboldt, attorney and guardian ad litem for minor children.

　　Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Three siblings—V.C., B.C., and I.V.[1]—came to the attention of the Iowa Department of Human Services (DHS) in April 2019 following reports the mother was using methamphetamine while caring for the children. The mother tested positive for methamphetamine and initially agreed to participate in voluntary services while keeping the children in the home. After she tested positive a second time in January 2020, though, a safety plan was established and the children were removed from the home; they have not been returned to the mother's care since. The children were adjudicated children in need of assistance (CINA) in February.[2]

DHS first petitioned for termination of the mother's parental rights in January 2021. However, following a hearing in March, the juvenile court granted a six-month extension despite recognizing that the mother had made no discernable progress toward reunification or sobriety.[3] By the end of the six months, the mother had started but left multiple rounds of substance-abuse treatment. She refused to drug test for DHS and would not show up to appointments the department scheduled, but one drug-treatment facility reported five tests came back positive for methamphetamine between March and May of 2021. Eight other tests through the facility were refused.

Despite her struggles, however, the mother called her children almost every day while they were in foster care. The children are all in extracurricular activities,

---

[1] I.V. was born in 2010, V.C. in 2014, and B.C. in 2015.

[2] The State also took umbrage with the mother's lack of employment and that her home had no furnace, but it was clear in the proceedings the main concern was her drug use.

[3] The juvenile court explained the extension was granted because the children were removed from a relative placement late in the case.

and the mother attended some of their events. While she did not consistently attend supervised visitations, providers reported no safety concerns during the interactions that did occur. The children and mother are undisputedly bonded, though providers and the children's foster placement reported the children grew weary of their mother's inconsistency and the uncertainty of their future. They are currently all in the same pre-adoptive home and have adjusted well with their placement; by all accounts, they are delightful children.

With the mother's continuing drug use, DHS petitioned for termination of the mother's parental rights again in August. The termination hearing was held in November 2021. The mother did not testify or present evidence. She argued that the children should be returned to her or, in the alternative, she should be given another six months. In a February 2022 order, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (f), and (*l*) (2021).[4] She filed a timely appeal.

We review a termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We follow a three-step analysis, considering (1) the statutory grounds for termination under Iowa Code section 232.116(1), (2) the children's best interest as directed in section 232.116(2), and (3) permissive exceptions found in section 232.116(3). *In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010).

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find

---

[4] The parental rights of the children's fathers were also terminated. They are not parties to this appeal.

supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (2012). Section 232.116(1)(f) requires the State to prove:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother argues the State did not prove the grounds for termination by clear and convincing evidence. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (requiring clear and convincing evidence for all grounds for termination (citing Iowa Code § 232.117(3))). It is undisputed the children are all over four years old, have been adjudicated CINA, and have been removed from the mother's care well over the required time; and, the mother presents no argument that the children could be returned to her care at the time of the termination hearing. *See D.W.*, 791 N.W.2d at 707 (interpreting "at the present time" to mean "at the time of the termination hearing"). Instead, she argues only that she has maintained significant contact with the children.[5] Without any challenge to 232.116(1)(f), then, we consider the statutory grounds authorizing termination satisfied. *See In re H.K.*, No. 20-0800, 2020 WL 4498156, at *1 (Iowa Ct. App. Aug. 5, 2020).

The mother intertwines the final two steps of our analysis, arguing the children's best interests are not served by termination because of the bond between herself and the children. *See* Iowa Code 232.116(2), (3)(c) (allowing the

---

[5] This argument relates to the requirements of Iowa Code section 232.116(1)(e).

court to forego termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). There is no doubt that the mother loves the children and vice versa, and we applaud the mother's efforts to remain present in her children's lives. Still, she bears the burden of proving the bond outweighs the need for removal, and she has not done so here. *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) ("Mom has failed to provide the clear and convincing evidence necessary to show that, on balance, that bond makes termination more detrimental than not."); *In re A.H.*, 950 N.W.2d 27, 42 (Iowa Ct. App. 2020) ("The mother bears the burden to prove the permissive—not mandatory—factor [found in 232.116(3)(c)] applies to prevent termination."). The children have expressed a need for permanence; this outweighs the bond they share with their mother. *See P.L.*, 778 N.W.2d at 41 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."). And considering the children's safety, growth, and well-being, we find termination is in their best interests.

The mother does not argue that the children could be returned to her care at the time of the termination hearing, termination is in the children's best interests, and we find no evidence supporting a permissive exception, so we affirm the termination of the mother's parental rights.

**AFFIRMED.**